UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO.: 04-40010 |
| | ) | |
| ROBERT J. SAMPSON | ) | |

---

## DEFENDANT, ROBERT J. SAMPSON, MEMORANDUM OF LAW IN SUPPORT OF A DOWNWARD DEPARTURE FROM THE FEDERAL SENTENCING GUIDELINE

The defendant, Robert J. Sampson, hereby submits this Memorandum of Law in support of a downward departure from the Federal Sentencing Guidelines and hereby submits as follows:

### STATEMENT OF FACTS

The defendant is fifty-three years of age. He has been married to Charlene Sampson since 1981. They have one child, Brian, age 17. Both Mr. and Mrs. Sampson suffer from and are treated for depression. Their son Brian suffers from bipolar disorder and severe depression and is treated for the same. Additionally, Brian is a recovering alcoholic. He has been psychiatrically hospitalized in the past and currently takes medication. His father monitors him closely as he has been suicidal in the past.

Mr. Sampson's wife was previously employed by a law firm in Worcester, Massachusetts. She was placed on medical leave and eventually was terminated due to her severe depression. The defendant is thus the sole support of his family. Mr. Sampson is the chief emotional support for his wife and child as well.

Suicide has been a continuing problem in the Sampson family. It is thus a genuine and realistic concern for the defendant to consider in monitoring his son's

health. During the past three years Mr. Sampson has lost his brother to suicide as well as three nephews who were close in age to the defendant's son.

Throughout the defendant's life he has been extensively involved in the giving of himself to others. He has participated in the following activities over the past twenty years:

- Member of the American Heart Association "Annual Ball" Committee 1992-1998

- Member and past Chair of Worcester Easter Seals Committee for 1992-1996

- Mustard Seed volunteer coordinator of Our Lady of the Angels ministry program from 1989 - present

- Catholic Charities volunteer and coordinator for Bishop's Annual Thanksgiving and Christmas dinners from 1993 - present

- Member and past Chair of Our Lady of the Angels' Finance Committee from 1984 - present

- Member of Our Lady of the Angels Restoration Committee from 1984 to completion in 1998

- Member and past Chair of Our Lady of the Angels School Advisory Board from 1994 - 2000

- American Red Cross monthly volunteer for Special Platelet and Plasmas Donor Program and the on Call and Exact Match Program from 1985 - present

- Lector at Our Lady of the Angels from 1989 - present

- Member of Our Lady of the Angels Bishops Fund Committee from 1985 - present

- Chair of Our Lady of the Angels Forward in Faith Campaign for the Diocese of Worcester.

- Member of Matt Amarillo Charity Golf Tournament

- Member of Family Services Golf Committee Fundraiser

- With a colleague developed the Second Helping Delivery Van Program to provide food for shelters and soup kitchens.

The attached letters in support also evidence the many good deeds that the defendant has performed throughout the years. The attached psychological evaluation by Joseph Grimaldi, Phd., indicates that the instant crime was partially a result of the defendant's overwhelming need to help others. He had essentially supported his own family as well as two others. Unfortunately, he stole to do so.

### **ARGUMENT**

Pursuant to the Sentencing Reform Act, a Sentencing Court is permitted to depart from the Federal Sentencing Guidelines' presumptive range "when it finds that 'there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines.'" *See* *Williams v. United States,* 503 U.S. 193, 195-196, 112 S.Ct. 1112, 1116-1117 (1992). After the Sentencing Court determines the defendant's offense level, criminal history category, and applicable guideline range, the Application Instructions set forth in U.S.S.G. § 1B1.1 directs the Court to refer to, "Specific Offender Characteristics and Departures, and to any other policy statements or commentary in the guidelines that might warrant consideration in imposing sentence."

In the present case the defendant, Mr. Sampson respectfully submits that consideration of two factors will accurately reflect the "Commission's purpose of maintaining sufficient flexibility to permit individualized sentences" and, in the end, warrant a downward departure from the guidelines. They include the defendant's extraordinary family circumstances and a combination of facts and circumstances.

*A.    Extraordinary Family Circumstances*

Although Courts have consistently held that ordinary family circumstances do not

warrant departure from the Federal Sentencing Guidelines, "extraordinary circumstances...are by their name not capable of adequate consideration" and, therefore, may constitute proper grounds for departure.

When formulating the Sentencing Guidelines, the Sentencing Commission took into consideration ordinary family responsibilities and understood that many defendants shoulder responsibility "to their families, their employers, and their communities" and that said disruption is inherent in the "punishment of incarceration." *See United States v. Johnson*, 964 F.2d 124, 128 (2nd Cir. 1992). In short: "Family ties and responsibilities...are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range," *U.S.S.G. § 5H1.6*, and they do not warrant departure.

The Sentencing Commission, however, carefully phrased *U.S.S.G. § 5H1.6* and merely stated that family responsibilities "are not *ordinarily* relevant" and "offered what we may call a soft policy statement, rather than one with unequivocal language." *See United States v. Johnson*, 964 F.2d 124, 128 (2nd Cir. 1992). In turn, several courts, including the 1st Circuit have held that the Sentencing Court has the ability to depart in "unusual cases" and where family circumstances are out of the ordinary. *See Id*; *See United States v. Rivera-Maldonado*, 194 F.3d 224, 236 (1st Cir. 1999); *See United States v. Rivera*, 994 F.2d 942, 953 (1st Cir. 1993); *United States v. Pereira*, 272 F.3d 76 (1st Cir. 2001). In order to consider such a departure however the defendant must demonstrate that other relatives cannot care for the defendant family member and that alternative services are not available. *United States v. Archuleta*, 128 F.3d 1446 (10th

Cir., 1997). The departure is also warranted if the Court finds the home and family situation to be otherwise extraordinary.

The defendant submits that this is true in the case at bar. The defendant is the sole financial and emotional support of his wife and son who both suffer from severe mental illness. His wife is unable to work due to her disability. His son lives day to day with alcoholism, depression and bipolar disorder. His son is at constant risk for suicide. *See United States v. Rivera*, 994 F.2d 942, 953 (1st Cir. 1993) (stating the court may have power to depart in unusual cases such as the need to care for sick children); *see also United States v. Gaskill,* 991 F.2d 82, 85-86 (3d Cir. 1993) (defendant's responsibilities to mentally ill wife might warrant departure); *see also United States v. Alba,* 933 F.2d 1117 (2d Cir. 1991) (noting that defendant was raising two children, and caring for live-in handicapped father and grandmother.)

The defendant submits that his family circumstances are truly extraordinary and warrant a sufficient departure to allow him to be placed on probation.

*B.    Combination of Factors*

The defendant further submits that the Court should depart downward due to a combination of factors pursuant to U.S.S.G. § 5 K 2.0. Section 5 K 2.0 allows for a departure when considering the totality of the circumstances. "The Commission does not foreclose the possibility of an extraordinary case, that because of a combination of such characteristics or circumstances, differs significantly from the 'heartland' cases covered by the guidelines in a way that is important to the statutory purposes of sentencing even though none of the characteristics or circumstances individually distinguishes the case."

Specifically, the defendant submits that prior to the commission of the instant offense the defendant had lived an exemplary life. He is an active member in his community. He participates and devotes his time to numerous civic and charitable organizations. He has never been in trouble with the law other than three minor charges over twenty years ago that were dismissed. He is the sole financial and emotional support for his wife and son. He himself suffers from depression.

The offense conduct occurred during a period of time when the defendant was under a great deal of stress due to his attempts to assist two other families. He provided both financial and emotional support to these families as well.

When the defendant was first confronted by civil investigators in this matter he immediately acknowledged his wrong doing. He also paid the firm who employed him the sum of twenty-three thousand dollars. He additionally plead guilty to this case to an information.

The Defendant submits that the above factors in addition to the previously outlined extraordinary family circumstances constitute a combination of factors that differ from the 'heartland' cases contemplated by the guidelines. *United States v. Jones*, 158 F.3d 492, (10th Cir. 1998). The defendant thus submits that a downward departure Is appropriate due to a combination of factors.

## CONCLUSION

The defendant respectfully requests that this Court depart downward five offense levels to a level ten and then sentence him to a term of probation.

Respectfully Submitted,
Robert J. Sampson
By His Attorney,


James J. Gribouski
Glickman, Sugarman, Kneeland &
Gribouski
11 Harvard St., P.O. Box 2917
Worcester, MA 01613-2917
Tel:  (508) 756-6206
BBO#:  211240

Date:  12/17/04

## CERTIFICATE OF SERVICE

I, James J. Gribouski, hereby certify that I have this date served the foregoing *Memorandum of Law in Support of a Downward Departure, on Jack Pirozzollo*, Assistant United States Attorney, John Joseph Moakley United States Courthouse, 1 Courthouse Way, Suite 9200, Boston, MA 02210 via first class mail, postage prepaid.

Date: 12/17/04

_____
James J. Gribouski